(Decided 14th May, 1869.)

---

JOSEPH DAVIS, Administrator of HANSON T. CLABAUGH *vs.* WILLIAM H. CLABAUGH, Executor of JOHN CLABAUGH.

## *Equity Jurisdiction—Equity Practice.*

Independently of the provisions of the Code, a Court of Equity, in the exercise of its general jurisdiction, has power to superintend the administration of assets, and decree distribution amongst legatees and distributees, and to compel executors and administrators to discharge faithfully their trust.

Davis, Adm'r, *vs.* Clabaugh, Ex'r.

Where the allegations of a bill of complaint are sufficient to authorize a Court of Equity to grant relief, but the complainant has failed to make proper parties, the Court should not dismiss the bill, but allow it to be amended, and further proceedings to be had, that the cause may be determined upon its merits.

APPEAL from the Circuit Court for Carroll County, in Equity.

The bill of complaint in this case, which was filed on the 24th of November, 1862, by the appellant, charged among other things, that the appellee had been appointed executor of the last will and testament of John Clabaugh, and had accepted the trust—that by said will he was directed to sell the real estate of his testator and the residue of his personal estate, the same to be disposed of in accordance with the provisions of the will; and that he had neglected and refused to discharge the trust thus reposed in him, and continued so to do. The object of the bill was to obtain a decree against the appellee, to compel him to discharge faithfully and properly his duty as executor and trustee. The appellee demurred to the bill. The case was submitted upon the bill, exhibits and demurrer, and the Circuit Court gave judgment upon the demurrer for the defendant, dismissing the bill with costs. The complainant appealed.

The cause was argued before BARTOL, C. J., STEWART, BRENT and ROBINSON, J.

*Joseph M. Palmer*, for the appellant.

*William H. Tuck, John E. Smith* and *Wm. P. Maulsby*, for the appellee.

STEWART, J., delivered the opinion of the Court.

The testator, John Clabaugh, by his will, in controversy in this case, appointed William H. Clabaugh, the appellee, his executor, and ordered and directed him to sell and dis-

pose of the real and the residue of his personal estate; and after making some other provisions, not affecting this enquiry, he bequeathed the residue of his estate after his wife's death, to his seven children, share and share alike, or equally to be distributed amongst them.

Hanson T. Clabaugh, one of the children having died before any distribution, the appellant, Joseph Davis, administered on his estate. Wm. H. Clabaugh, the appellee, accepted the trust, and letters testamentary were duly granted to him, as the executor of the will of John Clabaugh; but according to the allegations of the bill of complaint, refuses and neglects to execute the trust, and to distribute the proceeds of the estate, or to account to the appellant concerning the money devised to Hanson T. Clabaugh.

By the will, the real estate of John Clabaugh, directed to be sold, was converted, in equity, into personalty, (*Hurtt vs. Fisher*, 1 *H. & G.*, 96,) and Hanson T. Clabaugh, as one of his children and legatees, had a vested interest therein; and the right to recover and collect the same, after his death, devolved upon the appellant, as his administrator.

The appellee, William H. Clabaugh, executor and trustee, under the will, by Code, Article 93, section 280, could sell and convey the real estate devised to be sold, and account therefor to the Orphans' Court of Carroll county, where his letters testamentary were obtained.

But if he refused or neglected to discharge the trust, as is alleged in the bill and admitted by the pleadings, the Code, Article 16, section 66, makes provision for such refusal or neglect, and authorizes a Court of Equity, upon the petition of any person interested in the sale of such property, to appoint a trustee to sell and convey the same, and apply the proceeds to the purposes intended.

Independently of this section of the Code, which specially provides for the appointment of another trustee in case of death, neglect, or refusal of the party appointed by the will, there is no doubt of the powers of a Court of Chancery, in the

exercise of its general jurisdiction in cases requiring its interposition, to superintend the administration of assets, and decree distribution amongst the legatees and distributees, and to compel executors and administrators to faithfully discharge their trust. *Barnes & Ferguson vs. Compton's Adm'r,* 8 *Gill,* 397. The Code, Article 16, sec. 68, from abundant caution, has provided against any construction of the testamentary law of the State, to affect the general jurisdiction of Chancery in regard to trusts. Trusts may be created of real or personal estate, and every *cestui que trust,* is entitled to the aid of a Court of Equity, to avail himself of the benefit of the trust. 1 *Maddox Ch.,* 446.

The appellant, as the administrator of Hanson T. Clabaugh, one of the legatees and *cestuis que trust* under the will, had the right to file his bill of complaint against the appellee, the executor, and trustee, to have the provisions of the will carried into effect by a sale of the property to be made by the appellee, or by another trustee, to be appointed by the Court below, in the exercise of its undoubted jurisdiction; but besides the appellee, the other legatees interested in the property to be sold, and the object of the suit, should have been made parties, in order that the rights of all concerned might be protected and settled, and future litigation between the parties over the subject embraced by the proceeding, avoided. The allegations of the bill, in other respects, are sufficient to authorize a Court of Equity to grant relief. The demurrer admits their truth, but denies their competency to justify any relief.

In this condition of the case, the Court below ought not to have dismissed the bill, but upon sustaining the demurrer, so far as the absence of proper parties affected the character of the proceeding, should have allowed the appellant to amend the bill, and permitted further proceedings in order that substantial justice might be done, and the cause determined upon its merits, with all the despatch the nature of the case required.

The section of the Code, before referred to, providing for the appointment of another trustee in the specified cases, contemplates a prompt and efficient remedy.

The decree below is reversed and the cause remanded for further proceedings in conformity with this opinion.

*Decree reversed and*
*cause remanded.*

