MARY CLARE JOHNSON and WILLIAM N. BALLARD
JOHNSON *vs.* ALEXANDER T. JOHNSON, and others.

*Section* 58 *of Article* 16 *of the Code—Act of* 1870, *ch.* 450,
*not Retrospective in its operation.*

Section 58 of Article 16 of the Code, before it was amended by the
Act of 1870, ch. 450, provided that: "Whenever lands lie partly in
one county and partly in another, or partly in a county, and partly
in the City of Baltimore, or whenever persons, proper to be made
defendants to proceedings in chancery, reside some in one county,
and some in another, or some in a county, and some in the City of
Baltimore, that Court shall have jurisdiction in which proceedings
shall have been first commenced." A bill was filed in the Circuit
Court of Baltimore City, where the defendants resided, alleging that
certain land situated entirely in Baltimore County, could not be
divided without loss to the parties interested, and praying for a
sale of the same, and for a division of the proceeds arising there-
from. A decree was passed on the 19th of June, 1866, directing
the sale of the land, and appointing trustees to make the sale. The
land was sold and the sale reported to the Court; but the sale
was afterwards set aside for cause. Before any further effort to sell
was made, the Act of 1870, ch. 450, amending sec. 58 of Art. 16 of
the Code, was passed. By this Act two provisoes were added to
the section. The first was as follows: "*provided,* that all proceed-
ings for any partition of real estate, to forclose mortgages on land,
or to sell lands under a mortgage, or to enforce any charge or lien
on the same, shall be instituted in the Court of the County or the
City of Baltimore where such lands lie, or if the lands lie partly in
one county and partly in another, or partly in one county and
partly in the City of Baltimore, then such proceedings may be com-
menced in either county or in the City of Baltimore; but no sale
or partition of lands under any such proceedings shall take place
after the passage of this Act, except under the decree of a Court,
as hereinbefore provided." It was insisted by two of the defend-
ants that the last clause of this proviso, divested the jurisdiction
of the Court which passed the decree, and rendered it inoperative
and void. HELD:

That the Act of 1870, ch. 450, was intended to be, and was prospective in its operation only; and could not be held to affect the rights of parties under a decree which went into effect before it was passed, or the powers of the Court to enforce such decree.

APPEAL from the Circuit Court of Baltimore City.

The case is stated in the opinion of the Court.

The cause was submitted to BATTOL, C. J., BOWIE, ALVEY, ROBINSON and IRVING, J.

*Wm. Shepard Bryan*, for the appellants.

*Thomas Hughes*, for the appellees.

IRVING, J., delivered the opinion of the Court.

The sole question presented by this appeal, is whether the Act of 1870, chapter 450, which repeals and re-enacts secs. 58 and 60 of Art. 16 of the Code of Public General Laws has the effect to prevent the enforcement of a decree of the Circuit Court of Baltimore City, passed before the passage of the Act, in a case pending in said Court, and renders a new proceeding, *ab initio*, in the Circuit Court for Baltimore County, necessary to secure the sale which has already been decreed by the decree of the Circuit Court of Baltimore City. The record discloses that Elizabeth Johnson of Baltimore City died, leaving a will, whereby a tract of land lying in Baltimore County, was devised in equal proportions to her children, who resided in said city.

A bill was filed in the Circuit Court of Baltimore City, where the defendants resided, alleging the indivisible character of the land, and praying for a sale for the purpose of partition. All the parties were brought in, and the case proceeded by regular stages to a decree which

was passed on the nineteenth day of June, eighteen hundred and sixty-six. The decree directed the sale of the land and appointed trustees to make the sale.

After sundry ineffectual efforts to sell, the trustees finally did sell and reported the sale to the Court, but this sale was set aside for cause. Before any further effort to sell was made, this Act of 1870 was passed. Two of the parties defendants, on the 28th day of February, 1879, filed a petition in the Circuit Court of Baltimore City asking for a rescission of said decree, which petition having been dismissed this appeal has been taken.

The 58th sec. of Art. 16 of the Code, before amendment by this Act, provided that "Whenever lands lie partly in one county and partly in another, or partly in a county, and partly in the City of Baltimore, or whenever persons proper to be made defendants to proceedings in chancery, reside some in one county, and some in another; or some in a county, and some in the City of Baltimore, that Court shall have jurisdiction, in which proceedings shall have been first commenced." In this case, the land was situated entirely in Baltimore County, and the parties defendants resided in Baltimore City. To this section the Act of 1870, ch. 450, adds two provisoes, the first of which gives rise to this controversy. It reads thus: "provided, that all proceedings for any partition of real estate, to foreclose mortgages on land, or to sell land under a mortgage, or to enforce any charge or lien on the same, shall be instituted in the Court of the county, or City of Baltimore, where such lands lie, or if the lands lie partly in one county, and partly in another, or partly in one county, and partly in the City of Baltimore, then such proceedings may be commenced in either county or in the City of Baltimore; but no sale or partition of lands under such proceedings, shall take place after the passage of this Act, except under the decree of a Court, as hereinbefore provided." The last clause of this

proviso, the appellants insist divests the jurisdiction of the Court which passed the decree, and makes it inoperative and void. In numerous cases, this Court has held that statutes should not be given a retroactive operation, unless such a construction is unavoidable from the language used. In *Williams' Adm'x vs. Johnson's Adm'x,* 30 *Md.,* 508, this Court said: "A statute ought not to have a retroactive operation, unless its words are so clear and imperative, that no other meaning can be annexed to them, or unless the intention of the Legislature could not be otherwise satisfied; and especially ought this rule to be adhered to when such a construction would alter the pre-existing situation of parties, or would affect or interfere with their antecedent rights." In *New Central Coal Co. vs. George's Creek Coal and Iron Co.,* 37 *Md.,* 557, it is said that this rule is "founded in the most obvious principles of justice;" that a law shall be taken to have a prospective operation, and never a retroactive effect, "unless there is something on the face of the enactment, putting it beyond doubt that the Legislature meant it to operate retrospectively." In *Herbert & Hairston vs. Gray,* 38 *Md.,* 529, the same principles are declared and applied. In this last case the Legislature enacted that a married woman might be sued at law "on any note, bill of exchange, single bill, bond, contract or agreement which she *may have executed* jointly with her husband." Notwithstanding the past tense ("may have executed") was used, this Court held as the Legislature did not say "may have executed before the passage hereof," or "may have *heretofore* executed," the presumption was that the Legislature did not intend to affect contracts not made with reference to and after the statute was passed. In the Act under consideration, the Legislature has not said in terms, that decrees already passed shall be inoperative after its passage, and in view of the serious inconvenience which such a construction would produce, and the change in the

situation and rights of the parties, we cannot suppose the Legislature intended it to have such an effect as is claimed for it. A decree has been passed by a Court of competent jurisdiction at the time of the institution of proceedings, and which had full jurisdiction up to and including the time when the decree was passed. That decree adjudicates that the property in question was indivisible; that it was necessary for it to be sold for the purpose of partition; trustees have been appointed to make the sale; the decree secures to the complainant the right to have the costs paid from the property. If the law be accorded the effect which the appellants claim for it, it would change the whole status of the matter and the situation of the parties. By a new proceeding in another jurisdiction, on account of the change of circumstances since the decree, the present decree may be reversed, and great hindrance, delay and expense would result to the parties. Conceding the power of the Legislature to pass a law having such effect, upon which we express no opinion, we do not think the law necessarily requires such a construction, or is susceptible of no other. We must hold that it was intended to be, and is, prospective only in its operation; and in so far as decrees, passed before it went into effect, settling the rights of the parties, are concerned, it cannot be held as affecting them or the powers of the Court passing them to enforce them.

The order dismissing the petition will be affirmed with costs.

*Order affirmed with costs.*