STATE OF MARYLAND, to the Use of SZCZESEK, v. HAMBURG-AMERICAN STEAM PACKET CO. et al.

(District Court, D. Maryland. June 27, 1911.)

1. ADMIRALTY (§ 21*)—JURISDICTION—ACTION FOR WRONGFUL DEATH—MARYLAND STATUTE.

Code Pub. Gen. Laws Md. 1904, art. 67, §§ 1, 2, giving a right of action for wrongful death, may be enforced in a court of admiralty where the cause of action arises from a maritime tort, notwithstanding the provision for the assessment of damages by the jury.

[Ed. Note.—For other cases, see Admiralty, Cent. Dig. §§ 218–220; Dec. Dig. § 21.*

Admiralty jurisdiction of torts, see note to Campbell v. H. Hackfeld & Co., 62 C. C. A. 279.]

2. DEATH (§ 99*)—DAMAGES—AMOUNT.

An award of $4,500 held proper in admiralty for the negligent death of a husband 40 years old, whose earnings were $10 a week, and who left a widow and 5 children between 16 and 3 years old.

[Ed. Note.—For other cases, see Death, Cent. Dig. §§ 125–130; Dec. Dig. § 99.*]

In Admiralty. Suit by the State of Maryland, to the use of Mary Szczesek, widow of Martin Szczesek, individually and as mother and next friend of Joseph, John, Mary, Eva, and Stanislaus, infant children of Martin Szczesek, deceased, against the Hamburg-American Steam Packet Company and others. Decree for libelants.

Semmes, Bowen & Semmes, for libelants.

Ralph Robinson, Esq., for respondents.

ROSE, District Judge. This is a libel filed on behalf of the widow and infant children of Martin Szczesek. The deceased was working with Frank Imbrovek, the libelant in the aforegoing case. He received fatal injuries in the same accident in which Imbrovek was hurt. The cases were tried together.

[1] For the reasons therein stated, I find that his death resulted from negligence of the Atlantic Transport Company. In this case that company set up the additional defense that admiralty has no juris-

diction to enforce the Maryland form of Lord Campbell's act. For the reasons stated in my opinion in the case of State of Maryland, to the use of Pryor et al., v. Miller et al. (D. C.) 180 Fed. 796, this defense is overruled.

[2] The deceased was 40 years of age. He leaves a wife and 5 children, the eldest of whom is 16, the youngest 3 years. He earned about $10 a week. An allowance of $4,500 to his widow and children in the aggregate would be fair and reasonable.

I will hear the proctors for the libelants further as to the proper division of this sum among the widow and children.