MURRAY VANDIVER, Treasurer of Maryland,

*vs.*

THE FIDELITY SAVINGS BANK OF FROSTBURG, MARYLAND, LONACONING SAVINGS BANK OF ALLEGANY COUNTY and THE COMMERCIAL SAVINGS BANK OF CUMBERLAND.

*Savings banks: bonds as security for depositors deposited with State Treasurer as trustee; withdrawal. Statutes: retroactive; not favored.*

By amendment of their charters and by certain other Acts of the Legislature, each of certain banks had been required to deposit with the State Treasury bonds and securities to a specified amount, which were required to be registered in the name of the State Treasurer, officially, to be held by him in trust as security for the depositors of the respective banks; the Act further provided that such stocks and bonds should be held by the Treasurer subject to sale and transfer only on the order of a Court of competent jurisdiction; subsequently the Acts requiring such deposits was repealed, and, upon the petition of the banks, a mandamus was then issued requiring the Treasurer to redeliver to the banks the bonds so deposited; on appeal, it was *held,* that upon the acceptance by the banks of the condition named, by the deposit of the bonds in accordance with the provisions of the Act, the then depositors in the banks, and each subsequent depositor, acquired an interest in the fund so set apart, similar to that of a *cestui que trust,* and the repeal of the Act requiring such deposits was not retroactive; and while deposits remained in such banks, which had been left there, or made before the repeal of the statute, the bonds could not be withdrawn.

p. 624

Statutes not remedial will not be construed to act retrospectively, even where they are not obnoxious to any constitu-

tional objection, unless the intent that they shall be so is
practically expressed or made to appear.          .          p. 623
Where rights are acquired under a statute, a repeal of the stat-
ute will not divest the right or interest acquired or annul
acts done under it.                              p. 624
Should all the deposits made during the existence of such pro-
visions be withdrawn, or should all such depositors assent to
the withdrawal of the bonds and securities, a Court of Equity
would have jurisdiction to order and approve the release of
the securities so held by the State Treasurer, through the
designated trustee, and retransfer such bonds and securities
to the several banks depositing them.                    p. 625

*Decided April 25th, 1913.*

Appeal from the Circuit Court for Anne Arundel County
(BRASHEARS, J.).

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE,
BURKE, THOMAS, PATTISON, URNER, STOCKBRIDGE and
CONSTABLE, JJ.

*Edgar Allan Poe, Attorney-General,* for the appellant.

*D. Lindley Sloan* and *Albert A. Doub,* for the appellees.

STOCKBRIDGE, J., delivered the opinion of the Court.
    In April, 1889, the Lonaconing Savings Bank was incor-
porated under the general law, as a stock company, for the
conduct of a savings bank in Allegany county.  By Chapter
297 of the Acts of 1898 the charter was amended and the
powers of the bank enlarged so as to authorize it to conduct a
general banking business.  By section 2 of the Act it was
provided, "that said corporation shall be subject to the pro-
visions of Chapter 109 of the Acts of 1892 as amended by
Chapter 160 of the Acts of 1896 and to all general laws ap-

plicable to companies or associations of a character similar to that named in this Act."

In 1902 the Fidelity Savings Bank of Frostburg was incorporated as a stock company under the general law, for the conduct of a savings bank in the town of Frostburg, in Allegany county. By Chapter 268 of the Acts of 1904 the charter of this bank was also amended and its powers enlarged so as to enable it to conduct a general banking business. Section 2 of the Act was, *totidem verbis,* section 2 of the Act relating to the Lonaconing Savings Bank, *supra.*

In 1906 the Commercial Savings Bank of Cumberland was incorporated, as a stock company, under the general law, for the conduct of a savings bank in Cumberland. By Chapter 304 of the Acts of 1908, the charter of this bank also was amended and its powers enlarged, so as to enable it to conduct a general banking business, and section 2 of the Act was a repetition of section 2 as incorporated in the Acts relating to the Lonaconing Savings Bank and the Fidelity Savings Bank of Frostburg.

The provisions of the Act of 1896 referred to in each of these Acts, and which lie at the base of the present case were in substance as follows: Each one of these banks was required to deposit with the State Treasurer, bonds to the amount of 15 per cent. of the paid up capital stock, * * * but not less in any case than the sum of $30,000 which stocks or bonds were required to be registered in the name of the State Treasurer, officially, and *held as a trust* under and pursuant to the Act, "and the same shall be held by the said treasurer in trust as security for the depositors," * * * the Act further provided that the stocks and bonds so deposited should be held by the treasurer subject to sale and transfer only on the order of a Court of competent jurisdiction.

After the passage of the Acts before mentioned, amending the said several charters, deposits of bonds in varying sums were made with the State Treasurer in compliance, or part compliance with the provisions of the Act of 1896.

In 1912 the General Assembly passed three Acts, all in identical language, one relating to each of the banks above mentioned. · The Act intended to affect the Fidelity Savings Bank of Frostburg (Ch. 828, Acts of 1912), which may be taken as an example reads as follows:

> "*Be It Enacted By The General Assembly of Maryland,* That section 2 of Chapter 268 of the Acts of 1904 of the General Assembly of Maryland, by which the Charter of the Fidelity Savings Bank of Frostburg, Maryland, was amended, be and the same is hereby repealed; provided, that nothing in this Act shall be construed as relieving the said corporation from the provisions of Chapter 219 of the Acts of 1910, entitled 'Banks and Trust Companies,' or of any other General Laws applicable to corporations similar to that named in this Act."

Upon the passage of these Acts the three banks in this case made application to the State Treasurer for the return to them respectively of the bonds which had been deposited with him, and upon his refusal to deliver the bonds filed a petition for a mandamus to compel him to return them. The writ was granted by the Circuit Court for Anne Arundel County, and it is from the order granting the writ that the present appeal was taken.

With the propriety of the action of the General Assembly in imposing the condition which it did, when the several Acts were passed enlarging the powers of these banks, this Court has nothing whatever to do. The function of this Court is to determine the legal results produced by the enactments which the General Assembly adopted. At the time when the several acts amending the charters were passed each of these banks was conducting the business of a savings bank only. In enlarging the powers of the banks the Legislature saw fit to impose what it deemed a condition for the better security of those depositing moneys in these banks, by which condition a certain sum was directed to be set aside and placed in the hands of a designated official as trustee, the same to constitute

a trust fund for the benefit of a specified class of persons
easily ascertainable.   Upon the acceptance by the banks of
the condition named, which they did when they made the
first deposit of bonds in accordance with the provisions of the
Act, each one of the then depositors in the banks acquired
an interest in the fund thus set apart, similar to that of a
*cestui qui trust,* and so did each subsequent depositor who
placed his money in the bank so long as this provision re-
mained unaltered.   The situation was therefore precisely
that which existed in the case of *Vandiver* v. *Poe* et
*als., Receivers,* 119 Md. 348, and what was there said
is controlling of the present case unless a different sit-
uation has been created by the passage of the Acts
of 1912.   The lower Court took the view that as the
original condition had been imposed by the General Assem-
bly, it was competent for the General Assembly to repeal it,
and that such repeal would operate, not merely to remove the
intended protection in the case of those who might there-
after become depositors in either of the banks, but also with
respect to those who had deposited their moneys in reliance
upon, or during the time when the condition was in force.
In so far as depositors can be affected who have become such
since the passage of the Act of 1912, the view of the lower
Court was undoubtedly correct, but it by no means follows
that there is the same result to those who were depositors at
the time of the enactment of the laws which imposed the
condition, or who became such between the time of the pas-
sage of those Acts and the passage of the Act of 1912.   To
give the Act the effect for which the appellees contend would
be to make it retroactive, and the general principle is well
stated in *Southerland on Statutory Construction,* section
463, when he says: "Statutes, not remedial, will not be con-
strued to act retrospectively, even where they are not obnox-
ious to any constitutional objection, unless the intent that
they shall do so is plainly expressed or made to appear.  Where
the intent as to being retrospective is doubtful, the statute
will be construed as prospective only."   The same rule has

been adopted in this State. Thus in *App. Tax Court* v. *W. M. R. R.,* 50 Md. 274, it is said: "Before a statute can be allowed to have a retroactive operation the Court must see that the words are so clear, strong and imperative in their retrospective expression that no other meaning can be attached to them, or that the plain intention of the Legislature could not be otherwise gratified * * * The statute must be taken to refer to and speak exclusively of future proceedings under it, leaving acts and proceedings done under prior legislation to stand as they were at the time of the repealing statute." And in *Swan* v. *Kemp,* 97 Md. 686, it was said: "Where rights are acquired under a statute, a repeal of the statute will not divest the right or interest acquired, or annul acts done under it." And to the same effect are, *Williams' Adx.* v. *Johnsons' Adx.,* 30 Md. 508; *New Cent. Coal Co.* v. *George's Creek Coal Co.,* 37 Md. 557; *Herbert* v. *Gray,* 38 Md. 529, and *Johnson* v. *Johnson,* 52 Md. 668.

The Act of 1912 contains no language of any description which either in terms or by necessary implication indicates that it was the purpose of the General Assembly that the repealing act should be retroactive, and its prospective operation will give it full effect without in any manner interfering with any interests which existed at the time of its passage. The order appealed from must therefore be reversed and the petition dismissed.

But in passing the order it seems proper that some indication should be given, how to relieve the anomalous situation arising from a portion of the depositors of a bank having their deposits protected by a deposit of securities with the State Treasurer, and a portion not so protected. As already stated depositors who have become such since the passage of the Acts of 1912, have no ground to claim any protection through or under the deposit of stocks or bonds with the State Treasurer. The records of the banks will disclose who were depositors therein prior to the passage of these acts. Some of those accounts have undoubtedly been closed and the deposits withdrawn. If now the still existing depositors of

those who were such prior to the passage of the Acts of 1912, shall assent in writing to the release of the security for their deposits afforded by the deposit of the stocks and bonds with the State Treasurer, or close their accounts by a withdrawal or withdrawal and redeposit of their moneys, so that there no longer exists a class for which the Legislature had provided the measure of protection, the reason for the further preservation of the fund will be at an end.

Under the statute the stocks and bonds in the hands of the State Treasurer constitute a trust fund, any disposition of which must be by the direction of a Court of competent jurisdiction.  The recognized tribunal in this State for the administration of a trust is a Court of Equity.  When therefore these banks shall, as indicated, have closed the accounts of all of those standing in the position of *cestui qui trustent,* or received their assent to the release of the security now in the hands of the State Treasurer, and shall make these facts satisfactorily appear to a Court of Equity, that Court may by its order authorize and approve the release of the securities now held by the designated trustee, and their retransfer to the banks severally depositing them.

> *Order appealed from reversed, and petition for mandamus dismissed, costs to be paid by the appellees.*

Boyd, C. J., and Burke dissented.