FIDELITY SAVINGS BANK OF FROSTBURG, MD.,
ET AL.,

*vs.*

MURRAY VANDIVER, Treasurer of Maryland.

*Deposit by savings banks of bonds with Treasurer of State:
in trust for depositors. Repeal by Legislature; right of
depositors. Statutes: construction; duty of courts.
State officials: suit against; costs.*

Chapter 109 of the Acts of 1892, requiring certain savings
banks to deposit bonds with the Treasurer of the State, the
same to be registered in his name, had the effect of constituting
the Treasurer as a trustee for a certain specific purpose; but
as the trust was created by Act of Assembly, it was analogous
to a trust created by an individual with a reserved right of ter-
minating the trust.                                    p. 355

The depositors in such banks were not, and technically could
not become, *cestuis que trustent,* with regard to such bonds,
unless, or until, by the failure of such banks there was a neces-
sity of having recourse to the bonds.                    p. 355

But under the provisions of that Act, the depositors had a
distinct interest in the preservation of the fund, of which they

could not be deprived, by any subsequent Act, which by its terms is prospective only. p. 356

The Act of 1914, Chapter 781, directing the State Treasurer to forthwith surrender to each of the savings bank the bonds so deposited by each, respectively, and declaring that the Act is to be construed retrospectively as well as prospectively, violates no vested rights, contravenes no section of the Constitution, and is valid. p. 356

With the wisdom or unwisdom of legislatures, the courts have nothing to do; the duty of courts is to carry out and give effect to legislative enactments, whenever the said enactments do not transcend the Legislature's constitutional power. pp. 355-356

Statutes, in general, are not given effect retrospectively, unless it appears either by express language or necessary implication, that such was the legislative intent. p. 355

An Act of the Legislature is always subject to repeal by a succeeding Legislature. p. 355

In suits against a State official, where the rights involved are of a purely private character, and for the benefit of the appellants, the costs should not be taxed against the official, even though the order appealed from be reversed. p. 356

*Decided February 11th, 1915.*

Appeal from the Circuit Court for Anne Arundel County. (BRASHEARS, J.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, BURKE, THOMAS, PATTISON, URNER, STOCKBRIDGE and CONSTABLE, JJ.

*D. Lindley Sloan* (with whom was *Albert A. Doub* on the brief), for the appellants.

*Edgar Allan Poe, Attorney General,* submitted a brief for the appellee.

STOCKBRIDGE, J., delivered the opinion of the Court.

This case arises from a second application for a writ of mandamus to require the State Treasurer to surrender to three Savings Banks located in Allegany County, Maryland, certain bonds, severally deposited by them with the State Treasurer, in compliance with the provisions of three several Acts of Assembly amending the charters of the respective banks.

The first application and the opinion of the Court in that case are reported in 120 Maryland, 619, and the facts with a single exception will be found fully stated in the opinion in the former case.    The additional fact which has transpired since the first decision was rendered, was the passage by the General Assembly of 1914, of an Act designated as Chapter 781.    By that, after the recital of the antecedent legislation, it was provided in section 2 as follows:

"*Be it further enacted by the General Assembly of Maryland,* That the Treasurer of Maryland be, and he is hereby authorized and empowered and directed forthwith to surrender to each of the said savings banks such bonds or securities as may have been deposited with him by each of said banks, by virtue of the provision of Chapter 109 of the Acts of the General Assembly of .1892, and any amendments thereto, and that this Act shall be construed retrospectively as well as prospectively."

The provisions of the statute under which the deposits were made required them to be registered in the name of the State Treasurer, officially, and held as a trust under and pursuant to the Act, "and the same shall be held by said

Treasurer in trust as security for the depositors." The effect
of this legislation was to constitute a designated State official
as a trustee for certain specific purposes; the trust was one
created by an Act of the General Assembly, and since an
Act of the Legislature is always subject to repeal by a suc-
ceeding Legislature, the trust must be construed as analagous
in many respects to a trust created by an individual with a
reserved power in the person creating it of terminating the
trust. As was pointed out in a former opinion, the effect of
this was to make the position of the depositors similar to that
of *cestui que trustent*—they were not technical *cestui que
trustent,* for that position could only arise upon the failure
of the banks, and a necessity to have recourse to the securities
deposited for the benefit of the depositors. But a condition
was created which gave to the depositor a distinct interest
in the preservation of the fund in the hands of the official
trustee. This position the Legislature had attempted to alter
at its session of 1912, by a series of Acts repealing so much
of the previous legislation as required the making of these
deposits. In 120 Md. it was held, that while the Act of
1912 (Ch. 828) was perfectly competent legislation so far as
all future depositors were concerned, it could not operate so as
to affect those who had become depositors prior to the passage
of the Act of 1912, for the reason that the Act could not be
given a retroactive effect unless it appeared either by express
language or necessary implication that such was the legisla-
tive intent, and that was not to be found in the Act of 1912.
It was to cure this omission that the Act of 1914 was passed,
wherein by the last sentence of the section already quoted it
was enacted "that this Act shall be construed retrospectively
as well as prospectively." There can thus be no doubt what-
ever of the legislative intent, and that being the case and
the Legislature having in express terms declared that the
Act was to operate retrospectively, it is the duty of the Court
to give effect to that expressed purpose. With the wisdom
or unwisdom of such legislation it is not the province of this

Court to deal, all that the Court is called upon to do or can properly do, is to carry out and give effect to the legislative enactment, whenever that enactment does not transcend the constitutional power of the Legislature.

No vested right existed in any depositor to the bonds deposited with the State Treasurer, or any of them; no section of the Constitution was violated by the passage of the Act.

The petitioners for the mandamus were, therefore, entitled to the relief sought and the writ should have been issued.

The order must accordingly be reversed and the case remanded to the Circuit Court for Anne Arundel County, to the end that the writ of mandamus may issue as prayed.

But while the action of the lower Court must be reversed, the costs will be imposed on the appellants. The legislation which gave rise to this case was of a purely private character, for the benefit of the appellants; and in his refusal to surrender the bonds of State Treasurer was but discharging a plain duty. He could not in the absence of a valid order of Court comply with the request of the appellants without subjecting himself to the possibility of a charge of dereliction of duty, and of imperiling his bond.

> *Order reversed and cause remanded that the writ of mandamus may issue in accordance with the prayer of the petition; costs to be paid by the appellants.*