EDWARD J. KELCH *v.* ROY D. KEEHN, Receiver

[No. 32, January Term, 1944.]

_Decided March 24, 1944._

The cause was argued before SLOAN, C. J., DELAPLAINE, COLLINS, MARBURY, MELVIN, and BAILEY, JJ.

142

*Roszel C. Thomsen,* with whom was *Joseph Sherbow* on the brief, for the appellant.

*T. Benjamin Weston* for the appellee.

COLLINS, J., delivered the opinion of the Court.

Suit was entered in the Superior Court of Baltimore City by Roy D. Keehn, receiver of Central Mutual Insurance Company of Chicago, in liquidation, against the defendant, Edward Kelch. The defendant was the holder of two policies issued by that company. One of these policies expired in 1935 and the other in 1936. A receiver was appointed in Illinois in 1937, and under the contingent liability clauses in the policies, the receiver on July 20, 1940, on one policy made a demand on the defendant for an assessment of $47.73, and on March 7, 1941, on the other policy made a demand for $62. Payment not having been made, the suit aforesaid was entered on March 19, 1943. The defendant filed general issue pleas, numbered one and two, and special pleas, numbered three, four, five, six and seven. The plaintiff joined issue on the general issue pleas and the seventh plea and demurred to the third, fourth, fifth and sixth pleas. The court sustained the demurrer to these pleas. The defendant then withdrew his first, second and seventh pleas and judgment was then entered for want of a plea in the amount of $105 with interest and costs. The defendant appeals to this court from that judgment.

The fourth plea was as follows: "That the defendant was not notified of any assessment or assessments within one year after the respective termination dates of the several policies alleged to have been issued to him, and this suit was not filed until more than one year after June 1, 1941, when the Act of 1941, Chap. 296, adding Section 155A to Article 48A of the Code of Public General Laws of Maryland, took effect."

Chapter 296 of the Act of 1941, Code, Article 48A, Section 155A, *supra,* provides as follows: "No action or

court proceeding shall be brought against a member or policyholder of a domestic or foreign mutual insurance company, for the purpose of enforcing an assessment, more than one year after the termination of such policy unless the member or policyholder sought to be charged shall be notified of such assessment within one year after the termination of his policy." This Act took effect on June 1, 1941. Constitution of Maryland, Article XVI, Section 2. *Taggart v. Mills*, 180 Md. 302, 304, 23 A. 2d 832.

The policies terminated in 1935 and 1936. The orders confirming the assessments made on the policies were dated July 1, 1940, and January 23, 1941. Demands were made on the defendant on July 20, 1940, and March 7, 1941. The effective date of the Act was June 1, 1941. Suit was not entered against the defendant until March 19, 1943, more than one year and nine months after the effective date of the Act.

The question raised by this fourth plea is whether this action begun on March 19, 1943, is barred by limitation by reason of Chapter 296 of the Act of 1941, supra, effective June 1, 1941.

Except for Chapter 296, supra, the period of limitation applicable would be three years from the date of the assessments, namely July 1, 1940, and January 23, 1941. *Glenn v. Williams*, 60 Md. 93, 123; *Mister v. Thomas*, 122 Md. 445, 459, 89 A. 844; *Taggart v. Wachter, Hoskins & Russell*, 179 Md. 608, 21 A. 2d 141; *Taggart v. Mills*, supra.

It has been frequently held by this court that, in the absence of a clear manifestation of a contrary intent or unless such construction would be inconsistent with the purpose and nature of the legislation, the operation of such a statute which adversely affects substantial rights would be assumed to be prospective rather than retrospective. *Grinder & Baugher v. Nelson*, 9 Gill 299, 52 Am. Dec. 694; *Williams v. Johnson*, 30 Md. 500, 96 Am. Dec. 613; *Williar v. Baltimore Butchers' Loan Ass'n*, 45 Md. 546; *Johnson v. Johnson*, 52 Md. 668; *Gable v. Scott*, 56 Md. 176; *Chilton v. Brooks*, 71 Md. 445, 18 A.

868; *Savings Bank v. Weeks*, 110 Md. 78, 90, 72 A. 475; *Hemsley v. Hollingsworth*, 119 Md. 431, 441, 87 A. 506; *Vandiver v. Fidelity Sav. Bank*, 120 Md. 619, 623, 87 A. 1086; *Fidelity Sav. Bank v. Vandiver*, 125 Md. 352, 355, 93 A. 978; *Jeavons v. Pittman*, 126 Md. 650, 653, 95 A. 1070; *Ellicott City v. Howard County*, 127 Md. 578, 581, 96 A. 798; *State v. Safe Dep. & Trust Co.*, 132 Md. 251, 103 A. 435; *Bartlett v. Ligon*, 135 Md. 620, 626, 109 A. 473; *Ireland v. Shipley*, 165 Md. 90, 98, 166 A. 593. Where the effect of the statute is not to obliterate existing substantial rights but affects only the procedure and remedies for the enforcement of those rights, it applies to all actions whether accrued, pending or future, unless a contrary intention is expressed. Statutes which do not destroy a substantial right, but simply affect procedure or remedies, are not considered as destroying or impairing vested rights, for there is no vested right in any particular mode of procedure for the enforcement or defense of the right. Ordinarily, legislation affecting procedure only is construed as operating on all proceedings instituted after its passage, whether the right accrued before or after that event. In the case of *Ireland v. Shipley*, supra, the question of statutes of limitation affecting procedure as to the enforcement of vested rights is fully discussed. In that case a final settlement of temporary total disability was made on January 25, 1925, under an award of the State Industrial Accident Commission made on August 27, 1924. On May 26, 1932, seven years later, an application was made to reopen the case. An Act was passed at the 1931 session of the Legislature, Chapter 342, effective June 1, 1931, which provided: "* * * that no modification or change of any final award of compensation shall be made by the Commission unless application therefor shall be made to the Commission within one year next following the final award of compensation." One of the questions before the court in that case was whether the application to reopen the case was barred under Chapter 342 of the Acts of 1931 because it was not filed within one year next following the order of

August 27, 1924. In that case in holding that the statute of limitations acted prospectively and the time for filing was within one year from the effective date of the Act, namely June 1, 1931, the court said at pages 98 and 99 of 165 Md., at page 596 of 166 A.: "But where the effect of the statute is not to obliterate existing substantial rights but affects only the procedure and remedies for the enforcement of those rights, 'prima facie it applies to all actions—those which have accrued or are pending, and future actions.' *Sutherland on Statutory Construction*, Sec. 674. Since the state itself has not the power to destroy vested rights without compensation, except in some legitimate exercise of its police power, statutes are not to be construed as operating retrospectively where such a construction would have that effect unless such a construction is unavoidable. *Sutherland on Statutory Construction*, Sec. 641. But the same reason does not apply to statutes affecting procedure or remedies which do not destroy or impair a substantial right, because ordinarily there is no vested right 'in any particular mode of procedure for the enforcement or defense of' the right. Id. 674. And ordinarily legislation affecting procedure only is construed as operating on all proceedings instituted after its passage whether the right accrued before or after that event. 27 *Halsbury's Laws of England*, 161; *Duggan v. Ogden*, 278 Mass. 432, 180 N. E. 301; 25 R. C. L. 'Statutes,' Sec. 38; 59 C. J. 'Statutes,' Sec. 700. But while statutes of limitation are incidental to procedure, unless a contrary intent is clearly manifested, the general rule is that such statutes will not be construed as operating retroactively so as to bar the enforcement of rights existing at the time they were passed, but prospectively, so that the period prescribed will as to such rights begin to run at the time when the statute takes effect. *Thomas v. Higgs*, 68 W. Va. 152, 69 S. E. 654; *Manning v. Carruthers*, 83 Md. 8, 34 A. 254; 37 C. J. 'Limitations of Actions,' Sec. 10; *Garrison v. Hill*, 81 Md. 551, 32 A. 191; *Baumeister v. Silver*, 98 Md. 418, 56 A. 825; *Frey v. Kirk*, 4 G. & J. 509, 23 Am. Dec. 581; *Sohn v. Waterson*, 17 Wall.

596, 21 L. Ed. 737." The court also held in that case that it was apparent that the Legislature intended that its language should be interpreted as meaning that rights existing at the time the Act became effective must be asserted within one year thereafter. This followed similar rulings in the cases of *Manning v. Carruthers,* 83 Md. 1, 8, 34 A. 254; *Garrison v. Hill,* 81 Md. 551, 32 A. 191; *Baumeister v. Silver,* 98 Md. 418, 56 A. 825. It was also pointed out in that case that since all persons whose rights accrued prior to the passage of the Act of 1931 are accorded the same privilege of asserting them as is given to persons whose rights may have accrued or may accrue subsequent thereto, the holders of such rights are not injured.

In the case of *Taggart v. Mills,* supra, a reciprocal insurance exchange in liquidation, the order confirming the assessment was dated September 12, 1938. A notification of the assessment was never given and the suit was filed on September 2, 1941. Chapter 640 of the Acts of 1941, Section 171A, Code, Article 48A, Section 171A, as to the time when action must be brought, is similar to Chapter 296, Act of 1941, supra, except that it applies to a reciprocal or inter-insurer instead of to a mutual insurance company. In that case the suit was filed on September 2, 1941, which was well within one year from June 1, 1941, the effective date of the statute. The defendant in that case contended that the statute was retroactive in effect and the suit should have been filed between May 2, 1941, the date of the enactment of the statute, and June 1, 1941, when it went into effect. There the question was not whether the suit should have been filed within one year from the effective date of the statute, but whether it should have been filed between May 2, 1941, and the effective date, June 1, 1941. In that case it was contended that the action should have been brought before the statute took effect, and therefore that case is not in point. This court, in holding that the intent of the statute was not that the cause of action should be filed before June 1, 1941, the date the statute took effect, said

in the first sentence of the concluding paragraph thereof [180 Md. 302, 23 A. 2d 836]: "The statute does not, then, contain any expression of intention that it shall affect pre-existing causes of action, and the intention cannot be implied, and, therefore, under the law as is laid down for us, there seems to be no escape from the conclusion that those causes are not affected." It is clear from the opinion that the intent was that it should have read for clarity as follows: "The statute does not, then, contain any expression of intention that it shall affect pre-existing causes of action *to the extent of requiring such actions to be brought before the effective date of the statute,* and the intention cannot be implied, and, therefore, under the law as is laid down for us, there seems to be no escape from the conclusion that those causes are not affected." This is clear from the quotation from the case of *Ireland v. Shipley,* supra, in *Taggart v. Mills,* supra: "* * * that the period prescribed will as to such rights begin to run at the time when the statute takes effect."

In the case now before this Court, the exception provided for in Chapter 296 of the Acts of 1941, of course, cannot apply as notification of the assessment within one year after the termination of the policies was impossible on June 1, 1941, the effective date of that statute. The case not coming within the exception, there was ample time from June 1, 1941, to June 1, 1942, to bring the action. This was certainly a reasonable time and the plaintiff whose rights accrued before the passage of the Act had the same time of one year to bring his action as those whose rights accrued after the passage of the Act. This Act did not affect vested rights but only the mode of procedure for the enforcement of those vested rights and, under the law laid down in the case of *Ireland v. Shipley,* supra; *Manning v. Carruthers,* supra; *Garrison v. Hill,* supra; *Maumeister v. Silver,* supra, it is apparent that the Legislature intended that the rights existing at the time of the effective date of the Act on June 1, 1941, must be asserted within one year thereafter. The action in the

instant case therefore, not being brought within one year from the effective date of the statute, is barred, and the demurrer to the fourth plea should have been overruled. As this plea was a complete defense to the action, it is not necessary that we pass upon the other special pleas.

*Judgment reversed, with costs, and case remanded.*