STATE, to Use of MAINES et al. v. A/S NYE KRISTIANBORG et al.

No. 3117.

United States District Court
D. Maryland.

July 15, 1949.

Sol C. Berenholtz, Baltimore, Md., Louis Silberstein, Baltimore, Md., for libellants.

Robert W. Williams (of Ober, Williams, Grimes & Stinson), Baltimore, Md., for respondents.

CHESNUT, District Judge.

The Maryland Lord Campbell's Act, Maryland Code, art. 67, §§ 1–5 was again amended by chapter 742 of the Maryland Acts of 1949. The amendment, in effect, for the first time imposes liability in rem on a vessel for a wrongful act, neglect or default which causes the death of a person under circumstances where the vessel would have been liable to the person injured if he had survived. The exceptions to the libel in rem in the instant case present the question whether this amendment, which took effect June 1, 1949, is *retrospective* or only *prospective* in operating effect. The question now presented arises from the following alleged facts and former proceedings in the case. On October 19, 1948 the tug "Columbia", having in tow a barge known as the "Theodore H. Rhode", was proceeding through the Baltimore North Channel toward the Chesapeake Bay when the tug was struck by the motor vessel "Bowgran" which was likewise then proceeding in the same channel toward the Bay. As a result of this collision the tug sank and David A. Maines, employed as master of the tug, lost his life.

On January 5, 1949 the equitable plaintiffs in this case, the widow and infant son of the deceased, filed a libel based on Lord Campbell's Act to recover damages for the death of the husband and father. The libel asserted liability in personam against the vessel owner, the A/S Nye Kristianborg, a Norwegian corporation, and also against the motor vessel Bowgran in rem. On January 28, 1949 proctors for the owner claimant of the Bowgran filed exceptions to the libel insofar as it asserted liability in rem against the vessel. At the hearing of these exceptions it was substantially agreed by counsel for all the parties that as both the federal and state law then existed there was no liability in rem upon the Bowgran. Consequently the exceptions to the libel, insofar as it asserted liability in rem against the vessel, were sustained with leave, however, to the libellants to amend. From time to time thereafter the time for filing such amendment was extended and finally on June 3, 1949, two days after the amendment to Lord Campbell's Act became effective, an amended libel in rem was filed against the Bowgran, and exceptions to that amended libel were promptly filed by proctors for the vessel. On hearing counsel in support of and against the exceptions it developed that the controlling question is whether the very recent amendment to Lord Campbell's Act in Maryland is retrospective in operation and thus would be applicable to this case where the loss of life occurred on

October 19, 1948, about seven months before the effective date of the amendment. The question is obviously one of proper statutory construction and, as the whole case is based on a Maryland statute, it would seem clear enough, even apart from the doctrine of Erie R. R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487, that the first important matter to be considered is what the Maryland Court of Appeals would say, so far as it is possible for me to determine in advance of such actual decision. But before directly coming to that aspect of the subject it will be helpful preliminarily to summarize briefly the federal statutory law and judicial decisions with respect to liability for wrongful deaths occurring on ships on navigable waters.

There is no liability for wrongful death under the general maritime law. This was decided by the Supreme Court in the case of The Harrisburg, 1886, 119 U.S. 199, 7 S.Ct. 140, 30 L.Ed. 358 overruling some prior trial decisions or intimations to the contrary, including the opinion by Chief Justice Chase sitting in the District of Maryland in the case of The Sea Gull, 1865, Fed.Cas.No. 12,578, p. 909.[1] It was not until 1920 that Congress enacted the Death on the High Seas Act, 46 U.S.C. A. §§ 761–768, which, however, is applicable only where the wrongful act occurs "on the high seas beyond a marine league from the shore of any State, or the District of Columbia, or the Territories or dependencies of the United States." The common law gave no civil remedy for an injury which resulted in death. Mobile Life Insurance Company v. Brame, 1877, 95 U.S. 754, 24 L.Ed. 580. This lack was remedied in Maryland in 1852 by the passage of the Maryland Lord Campbell's Act, and as the alleged wrongful act in this case

occurred in Maryland territorial waters and not on the high seas the liability in the case at bar must be based upon that Act. To the extent that that Act is applicable it may be enforced in the appropriate federal admiralty court. See Maryland v. Miller, D.C.Md.1910, 180 F. 796, modified on other grounds, 4th Cir., 194 F. 775, certiorari denied 225 U.S. 703, 32 S.Ct. 836, 56 L.Ed. 1265; State v. Hamburg-American Steam Packet Co., D.C.Md.1911, 190 F. 240, affirmed 4th Cir., 193 F. 1019, affirmed 234 U.S. 63, 34 S.Ct. 736, 58 L. Ed. 1213; Western Fuel Co. v. Garcia, 1921, 257 U.S. 233, 42 S.Ct. 89, 66 L.Ed. 210; State of Md. for Use of Johnson v. United States, 1948, 4th Cir., 165 F.2d 911; American Stevedores v. Porello, 1947, 330 U.S. 446, 67 S.Ct. 847, 91 L.Ed. 1011. But the liability cannot be enforced by a proceeding in rem against a vessel for wrongful death unless the State statute expressly or very clearly creates a lien on the ship. The Anglo-Patagonian, 4th Cir., 1916, 235 F. 92, certiorari denied 242 U.S. 636, 37 S.Ct. 19, 61 L.Ed. 539, and Lewis v. Jones, 4th Cir., 1928, 27 F.2d 72, certiorari denied 278 U.S. 634, 49 S.Ct. 34, 73 L.Ed. 551, holding that the Virginia statute did not give the lien, and Vancouver S. S. Co. v. Rice, 1933, 288 U.S. 445, 53 S.Ct. 420, 77 L.Ed. 885. And where the State statute gives no lien no suit in rem can be maintained. The Corsair, 1892, 145 U.S. 335, 12 S.Ct. 949, 36 L.Ed. 727. The English law was to the same effect, it having been held in The Vera Cruz, 10 A.C. 59, that the British Lord Campbell's Act gave no express right in rem and therefore the British admiralty courts were without jurisdiction to enforce liability under the Act by an in rem proceeding.[2]

It should also be borne in mind that the in rem proceeding is a peculiar

---

[1] And Judge Morris in the case of David Reese, Fed.Cas.No.6,625, 5 Hughes, 89, apparently gave a similar decision that he was bound by the decision in the Sea Gull, although it appeared to him to be contrary to common law and admiralty decisions elsewhere. See also Robinson on Admiralty, p. 135, note. 3.

[2] The holding of the Supreme Court in The Corsair has never since been questioned and has repeatedly been approved. The Albert Dumois, 177 U.S. 240, 20 S.Ct. 595, 44 L.Ed. 751; The Hamilton, 207 U.S. 398, 28 S.Ct. 133, 52 L.Ed. 264; Plamals v. Pinar Del Rio, 277 U.S. 151, 48 S.Ct. 457, 72 L.Ed. 827; Just v. Chambers, 312 U.S. 383, 61 S.Ct. 687, 85 L.Ed. 903; Benedict on Admiralty, Vol. 1, p. 392, and cases in note 45; Robinson on Admiralty, p. 151; 32 Harvard Law Rev. 713.

feature of admiralty law, and jurisdiction to 'enforce a maritime lien should not be extended by construction, analogy or inference. The Yankee Blade, 1856, 19 How. 82, 60 U.S. 82, 15 L.Ed. 554; Piedmont & George's Creek Coal Co. v. Seaboard Fisheries Co., 1920, 254 U.S. 1, 41 S.Ct. 1, 65 L. Ed. 97; Osaka Shosen Kaisha v. Pacific Export Lumber Co., 1923, 260 U.S. 490, 43 S. Ct. 172, 67 L.Ed. 364; Plamals v. Pinar Del Rio, 1928, 277 U.S. 151, 48 S.Ct. 457, 72 L.Ed. 827. See also Krauss Bros. Lumber Co. v. Dimon S. S. Corp., 1933, 290 U.S. 117, 54 S.Ct. 105, 78 L.Ed. 216.

From this condensed summary of the applicable law it is quite clear and indeed is not now disputed that the libel in rem in this case cannot be sustained unless the Maryland Act of 1949 amending Lord Campbell's Act is to be given retrospective operation, because it is not now even contended that the Maryland Act prior to this last amendment gave a lien on the ship.

Lord Campbell's Act in Maryland was first enacted by the Maryland Act of 1852, ch. 299. The original language imposing liability, which was not substantially changed until 1949, imposed the liability merely upon the *person* who would have been liable if death had not ensued (or the executor or the administrator of the said person). The effect of the amendment of section 1 of art. 67 merely adds the words "the vessel" to the phrase "person who would have been liable" and further provides "and if death ensues as a result of wrongful act, neglect or default of a vessel, suit may be brought in rem against said vessel in any court of competent jurisdiction.[3]

The exceptions to the libel are based on the view that the amendment was prospective only in operation, while the proctor for the libellant contends that the statute as amended can and should properly have a retrospective operation to include the occurrence of October 19, 1948.

■ After consideration of the oral and written arguments of respective counsel, and even more particular review of the Maryland decisions, I reach the conclusion of law that the amendment of 1949 cannot properly be given retroactive effect and therefore the exceptions to the amended libel in rem must be sustained.

■ There is no Maryland constitutional prohibition of retrospective Acts affecting *civil* rights or liabilities.[4] But the Maryland decisions are clear and emphatic to the effect that a statute will not be given a retrospective operation unless its words are so clear, strong, and imperative in their retrospective expression that no other meaning can be attached to them or unless the manifest intention of the Legislature could not otherwise be gratified. The rule has also been stated by the Maryland Court of Appeals to be that in the absence of a clear manifestation of a contrary intent, or unless such a construction would be

---

[3] The material part of section 1 now reads as follows: "Whenever the death of a person shall be caused by wrongful act, neglect or default, and the act, neglect or default is such as would (if death had not ensued) have entitled the party injured to maintain an action and recover damages in respect thereof, the *vessel* or person who would have been liable if death had not ensued, or the executor or administrator of the said person who would have been liable in case of the death of the said person who would have been liable, shall be liable to an action for damages, notwithstanding the death of the person injured, and although the death shall have been caused in such circumstances as amount in law to felony and if death ensues as a result of wrongful act, neglect or default of a vessel, suit may be brought in rem against said vessel in any court of competent jurisdiction." (Italics supplied.)

[4] The Maryland Declaration of Rights, Art. 17, provides "that retrospective laws, *punishing acts committed before the existence of such Laws*, and by them only declared criminal are oppressive, unjust and incompatible with liberty; wherefore, no *ex post facto* Law ought to be made; nor any retrospective oath or restriction be imposed or required." This constitutional limitation applies only to criminal laws. Diamond Match Co. v. State Tax Commission, 175 Md. 234, 241, 200 A. 365. Of course in the civil field the Federal Constitution, Art. 1, § 10, prohibits the State from passing any Act impairing the obligation of a contract. That provision, however, is not applicable in the instant case.

inconsistent with the purpose and intent of the Legislature, the operation of a statute which adversely affects substantial rights will be assumed to be prospective rather than retrospective. The Maryland cases to the above effect are very numerous, but it will be sufficient to refer to a few of the more recent ones. Kelch v. Keehn, 183 Md. 140, 36 A.2d 544; Tax Commission v. Potomac Electric Power Co., 182 Md. 111, 32 A.2d 382; Diamond Match Co. v. State Tax Commission, supra; Dashiell v. Holland Maide Candy Shops, 171 Md. 72, 188 A. 29; Jones v. Gordy, 169 Md. 173, 180 A. 272; Ireland v. Shipley, 165 Md. 90, 166 A. 593; Savings Bank v. Vandiver, 125 Md. 352, 93 A. 978; Vandiver v. Fidelity Savings Bank, 120 Md. 619, 87 A. 1086; Hemsley v. Hollingsworth, 119 Md. 431, 87 A. 506. The general law is the same. 59 C.J. p. 1157 et seq., s. 690 et seq. See also Annotation, 77 A.L.R. 1338.

I do not find in the wording of the amendment any indication that it was the clear intention of the Legislature to give this retrospective effect. The words "nothing in this section shall apply to causes of action arising prior to June 1, 1937" cannot be construed to give retrospective effect for they are only applicable to section 2 of the amendment, which section deals with the conflict of law problem, whereas we are here concerned with section 1 of the amendment. Rather, the intention of the Legislature seems to be for prospective operation only for the amendment provides, in its final sentence, that "this Act shall take effect June 1, 1949",[5] and also provides that " * * * the vessel * * * shall be liable * * * ", thereby indicating future liability. See State v. Safe Deposit and Trust Co., 132 Md. 251, 103 A. 435.

The argument for the retrospective application is put on the ground that the statute is remedial in nature and should be liberally construed, and as it relates to procedure rather than to substantive rights its retrospective operation would be consistent with decisions in Maryland as well as elsewhere, that statutes relating to procedural matters, as distinct from substantive rights should, unless otherwise provided in the statute, apply to pending actions and proceedings. More explicitly it is argued that what the amendment does is merely to give an alternative remedy for the enforcement of a liability for wrongful death originally created in England (contrary to the existing common law) [6] by Lord Campbell's Act, which was substantially adopted in Maryland by the Act of 1852, citing Ireland v. Shipley, supra. Reference is also made to the general law to that effect. Sutherland on Statutory Construction, 3d Ed. §§ 7002 and 7205; Van Beeck v. Sabine Towing Co., 300 U.S. 342, 57 S.Ct. 452, 81 L.Ed. 685; Chase Securities Corp. v. Donaldson, 325 U.S. 304, 65 S.Ct. 1137, 89 L.Ed. 1628; Funkhouser v. Preston Co., 290 U.S. 163, 54 S.Ct. 134, 78 L.Ed. 243; Federal Reserve Bank of Richmond v. Kalin, 4th Cir., 77 F.2d 50.

But, in my opinion, the amendment, imposing for the first time a liability upon a vessel in rem, cannot properly be considered a procedural matter only, because it creates a new right and imposes a new liability. See 59 C.J. p. 1172, s. 697. Clearly the original Act in imposing upon a "person" liability for the wrongful death of another created an important new substantive right. Clearly also the original statute created no lien of any kind. It seems to follow logically enough that when the amendment imposed upon the ship a liability not theretofore existing and further subjected the ship to a proceeding in rem to enforce that liability the substantive law was thereby changed. According to American admiralty law the conceptual origin of the maritime lien resulted from the *personification* of the ship as a *juridical* entity. So viewed it seems clear enough that a new substantive right was given the libellant and a new substantive liability was imposed upon the ship as a personified en-

---

[5] The Maryland Constitution, art. 3, § 31, provides "no law passed by the General Assembly shall take effect until the first day of June next after the session at which it may be passed, unless it be otherwise expressly declared therein."

[6] It was one of the maxims of the common law that a personal action died with the person—actio personalis moritur cum persona.

tity. And in The Lottawanna, 21 Wall. 558, 88 U.S. 558, 579, 22 L.Ed. 654, the Supreme Court held that the right to proceed in rem to enforce a maritime lien was a "right of property", and not a mere matter of procedure.

But apart from this fictional concept which endows the ship with personality there is a very substantial reason for the holding that the substantive law is changed by the amendment. The effect of the amendment is to impose liability on the ship itself for its wrongful act or default, *irrespective of fault by or of personal liability of the owners of the ship*. Thus the ship may possibly become liable when operated by a charterer, or a compulsory pilot, or an independent contractor, under circumstances where there would be no personal liability of the owner of the ship. See Price, Law of Maritime Liens, (Sweet & Maxwell, London, 1940), p. 134; Robinson on Admiralty, s. 48, pp. 363–8; The China, 7 Wall. 53, 74 U.S. 53, 19 L.Ed. 67; The Barnstable, 181 U.S. 464, 21 S.Ct. 684, 45 L.Ed. 954; Homer Ramsdell Co. v. La Compagnie Generale T., 182 U.S. 406, 21 S.Ct. 831, 45 L.Ed. 1155. Even if it were possible, as a matter of statutory construction, to find that it was the intention of the Maryland Legislature to make the amending statute retroactive in effect, it still would not be possible to do so, because that would run counter to both Maryland and federal constitutional limitations. It requires no elaboration to demonstrate that a statute which, as we have seen, would impair a property right, by subjecting one's property to the claims of another, without personal fault or legal liability of the owner, destroys vested rights of property, and is therefore clearly invalid. It is a taking of property without due process of law contrary to the 14th Amendment of the Federal Constitution and also contrary to established constitutional principles in Maryland. Chase Securities v. Donaldson, supra; Ireland v. Shipley, supra; Seese v. Bethlehem Steel Co., D.C.Md., 74 F.Supp. 412, affirmed 4th Cir., 168 F.2d 58.

Diligence of counsel and independent research by the court have not resulted in finding any precedent for a precisely similar amendatory statute. While I assume that the Lord Campbell's Act, or very similar legislation, exists in a great majority of the States, only Florida [7], Oregon [8] and Virginia [9] either by original enactment or subsequent amendment, impose liability upon the ship. This, together with the comparatively short period of time during which such a question can arise, probably explains why no judicial decision can be found dealing with the prospective or retrospective operation of such an amendatory statute.

Nor is there any available relevant legislative history which might be helpful to the court in considering the nature of the amendment. The Maryland legislative system, unlike the federal congressional system, does not preserve an official record of progress of a Bill through the Legislature. However, counsel in the case have freely stated to the court what is known by them with respect to the origin and enactment of the amendment. It was actually drawn by Mr. Berenholtz, of counsel for the libellants, after exceptions had been sustained to the original libel in rem in this case. Mr. Berenholtz frankly stated that he drew the amendment because he thought there was need for it in the Maryland law and that in doing so he had no conscious affirmative intention of making it applicable to the pending case and really gave no particular thought to that phase of the matter at the time. Apparently opposing counsel in the case were informed of the introduction and pendency of the Bill but interposed no objection to it. Apparently also there was no opposition to the Bill while pending before Committees of either House or on the floor. And in due course the Act was approved by the Governor presumably after receiving a report about it from the Attorney General, the nature of which, however, is not known.

In summary, it is my opinion that the amendment is, under Maryland and federal

---

[7] Florida Statutes Annotated, Title 43, Ch. 768, Vol. 21, p. 396, F.S.A. § 768.01 et seq.

[8] Oregon Compiled Laws Annotated,

sec. 8-903, Vol. 1, p. 734, and sec. 67-801, Vol. 5, p. 108.

[9] Virginia Code of 1942, Title 56, Ch. 236, sec. 5786.

law, prospective only and cannot validly be made retroactive in effect. And I think the same conclusion would be reached on the general law upon the subject.

*It is therefore ordered* by the court that the exceptions to the amended libel seeking to impose a liability in rem on the ship Bowgran be and the same are hereby sustained.