# JOHN J. JEAVONS and JANE S. JEAVONS

## *vs.*

# ALICE E. PITTMAN and ORRIE J. PITTMAN.

*Statutes*: *construction; when retroactive. Acts of* 1898, *Chap-*
*ter* 457, *section* 7: *husband and wife; property*
*rights; vested interests.*

A statute will not be given a retroactive operation unless its ·
words are so clear, strong and imperative that no other mean-
ing can be annexed to them, or unless the intention of the Legis-
lature could not be otherwise satisfied; this rule is one to be
adhered to, especially when any other construction would alter
the pre-existing condition of the parties, or would affect or inter-
fere with their antecedent rights.　　　　　　　　　　　p. 653

Section 7, Chapter 457 of the Acts of 1898, affecting the
property rights of husband and wife, does not manifest an in-
tention on the part of the Legislature to give its provisions
such retroactive operation as to disturb or impair rights existing
before the passage of the Act.　　　　　　　　　　　　p. 653

Even if the Legislature had intended, when making radical
changes in some of the incidents of the marital relations by the
Act of 1898, it was beyond their power to divest or impair in
any manner any vested rights of persons already married, as to
property acquired under previously existing laws.　　　p. 653·

The case of the *Safe Deposit and Trust Company* v. *Gittings,* 103 Md. 483, in construing Chapter 331 of the Acts of 1898, relating to the distribution of personal estates, is not inconsistent with the decisions of this Court holding Chapter 547 of said Act not to be retroactive.                          pp. 656-657

*Decided November 10th, 1915.*

Appeal from the Circuit Court for Caroline County. In Equity. (ADKINS, J.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, BURKE, THOMAS, PATTISON, URNER and STOCKBRIDGE, JJ.

*Reuben Garey,* for the appellants.

*W. Brewster Deen,* for the appellees.

PATTISON, J., delivered the opinion of the Court.

The question presented by this appeal is what interest or estate has the appellant, John J. Jeavons, who was married prior to 1898, in the real estate acquired by his deceased wife, Jessie Muir Jeavons, in eighteen hundred and ninety-four, and of which she was siezed and possessed at the time of her death intestate, on or about the fourth day of July, 1913.

The appellee, Alice E. Pittman, a daughter of Jessie Muir Jeavons, with her husband, Orrie J. Pittman, in September, 1914, filed in the Circuit Court for Caroline County, a bill asking for a sale of the said real estate of the mother for the purpose of partition. The appellants, including John J. Jeavons, the surviving husband of Jessie Muir Jeavons, as

well as other heirs of his deceased wife, were made defendants to the bill. A demurrer to the bill was overruled by the Court below and from the order overruling the demurrer, this appeal was taken.

The bill was filed upon the theory that the interest of the husband in the real estate of his deceased wife was the interest or estate conferred upon a surviving husband by *section 7. of Chapter 457 of the Acts of 1898 as amended by Chapter 151 of the Acts of 1904, or section 7 of Article 45 of the Code of 1912* which provides that:

> "Every husband shall acquire by virtue of his marriage an estate for his life in one-third of the lands held or owned by his wife at any time during the marriage, whether by legal or equitable title, or whether held by her at the time of her death or not, but such estate shall not operate to the prejudice of any claim for the purchase money of such lands or other lien on the same; nor shall any conveyance of such lands by the wife alone bar such estate of the husband therein, and this estate shall be known as the husband's dower, and the statute and common law of the State as to the wife's dower shall be construed to be applicable to the estate unless such construction would be unreasonable."

The defendants, contended that the *Act of 1898,* amended by the *Act of 1904,* did not apply in this case inasmuch as the marriage of the parties and the acquisition, by the wife, of said lands occurred before the *Act of 1898* became effective, on January 1st, 1899, and that the husband's interest or estate in the lands of his deceased wife is the interest that was conferred upon him by the law of the State, as it stood prior to the passage of said Act.

It was to present to the Court for its consideration the question so raised that the demurrer to the bill was filed, which demurrer, as we have said, was overruled; the Court holding that the *Act of 1898,* as amended, applied, and that the surviving husband held "an estate for his life in one-

third of the lands" so held by his wife at the time of her death.

. *Section 7 of Chapter 457 of the Act of 1898* was before this Court in the case of *Harris* v. *Whiteley,* 98 Md. 430.

The question presented by the record in that case was whether section 7 of the Act of 1898—the section here involved—operated to change the expectant interest in his wife's real estate which Seth H. Whiteley took by virtue of his marriage to her in 1881, under the laws then in force, into a present vested estate for his life which was liable to be levied on by his creditors.

The Court in that case, quoting from *Williams* v. *Johnson,* 30 Md. 507, stated the sound rule of construction to be that "Whenever a satute is susceptible, without doing violence to its express terms of being understood either prospectively or retrospectively, Courts of Justice invariably adopt the former construction. A statute ought not to have a retroactive operation unless its words are so clear, strong and imperative that no other meaning can be annexed to them, or unless the intention of the Legislature could not be otherwise satisfied; and especially ought this rule to be adhered to when such a construction would *alter the pre-existing situation of the* rights."

The Court then said in respect to section 7, that "the language used in this section would not, under the prevailing rules of construction, be held to manifest an intention on the part of the Legislature to give its provisions such retroactive operation as to disturb or impair existing property rights" but "even if the Legislature intended, when making radical changes in some of the incidents of the marital relation by the Act of 1898, to affect the property rights of persons already married, it was beyond their power to divest or impair in that manner any vested rights of property acquired under previously existing laws. *Remington* v. *Metro. Savings Bank,* 76 Md. 548; *Rock Hill College* v. *Jones, Admr.,* 47 Md. 17-18; *Bramble* v. *Twilley,* 41 Md. 442; *Wilderman* v. *Baltimore City,* 8 Md. 556."

In that case the Court further said that "assuming that
the interest acquired by Mr. Whiteley in his wife's real estate
at the time of his marriage in 1881, which under the Code of
1860 was a mere expectancy and not a vested estate, was sub-
ject, *so far as he was concerned,* to legislative control and
might have been modified or diminished by subsequent legis-
lation, it does not at all follow that the Legislature had the
power to increase or enlarge that interest if by so doing the
wife's interest in her own estate would be correspondingly
diminished, * * * it was beyond the power of the Legisla-
ture by the mere passage of the Act now under consideration
to transfer to and vest in Mr. Whiteley or any other person
an estate *however small,* in Mrs. Whiteley's real property
without her consent and without any consideration other than
an already existing marriage," and the Court accordingly
held that Mr. Whiteley had no estate in the real property of
his wife upon which the creditors acquired a lien under
their judgments.

In the case of *Slingluff* v. *Hubner,* 101 Md. 652, as in
the case before us, the marriage of the parties had taken
place and the property sought to be affected by dower rights
in the wives, had been acquired and become vested in the
husbands prior to the Act of 1898 and in that case the Court
said "This question is settled by the decision of this Court
in the case of *Harris* v. *Whiteley,* 98 Md. 430.

"By the Act of 1898 the wife has provided for her dower
in the equitable estate of the husband to the same extent and
with the same effect as it existed, prior thereto, in his legal
estate.　If here there can be an allowance of dower as is
claimed it must be by reason of the effect of the Act of 1898.
To construe that Act to fasten upon the equitable estates of
the husbands' dower rights in the wives to the same extent
and with the same effect as if the same were legal estates
'would alter the pre-existing situation of the parties' and
would affect or interfere with their antecedent rights."　It
would deprive the husband of the right to alien the property
or to deal with it except always subject to the dower right of

the wife—would put upon it an encumbrance and clog his right to use it according to his vested right as he had theretofore enjoyed it. The Court, in the case of *Harris* v. *Whiteley, supra,* denied this operation and effect to the statute in question as to the expectant estate of the husband in the property of the wife and held that where the marriage had taken place and the property had been acquired prior to the Act, such expectant estate was not enlarged or changed thereby. We must hold here, as the Court did in the case just referred to, that the rights of the parties are not affected by the Act of 1898; and must be determined according to pre-existing law."

The case of *Harris* v. *Whiteley, supra,* is again cited and quoted with approval in the more recent case of *Beinbrink* v. *Fox,* 121 Md. 102.

Prior to January 1st, 1899, the date at which the Act of 1898 went into effect, Mrs. Jeavons, like Mrs. Whiteley, held her real estate by a fixed and vested title subject merely to the expectant or inchoate life interest therein conferred on her husband by the Code of 1860, which would have become consummate only in case she died intestate and he survived her. *Harris* v. *Whiteley, supra.*

If the Act of 1898 is to be regarded as retroactive in its operation, as contended for by the appellees, its effect upon the interest or estate of Jeavons in the real estate of his wife, as it existed at the time of the passage of said Act, would be to confer upon him something more than a mere expectant or inchoate life interest therein subject to be defeated by the exercise of the wife's power of testamentary disposition. It would then become an interest or estate in said property that would no longer depend upon her dying intestate, but would depend only upon his surviving her. Therefore should the statute be held retroactive in its operation, the character and extent of his interest in the real property of his wife would thereby be changed, the pre-existing situation of the parties altered, and the wife deprived of her antecedent right to dispose of her property by will, defeating, if she so

desired, the expectant interest of the husband therein. We must therefore hold, as the Court did in the cases from which we have quoted, that the rights of the husband and wife in this case were not affected by the Act of 1898, and hence the interest of the appellant, John J. Jeavons, in the real estate of his deceased wife, is to be determined by the pre-existing law, which conferred upon him at the death of his wife, she having died intestate, an interest or estate for life, therein.

The appellees, however, in support of their contention, rely largely upon the case of *Safe Deposit Co.* v. *Gittings,* 103 Md. 485, decided since the cases of *Harris* v. *Whiteley* and *Slingluff* v. *Hubner.*

In the case of *Safe Deposit Co.* v. *Gittings, supra,* it was contended that both Chapters 331 and 457 of the Acts of 1898 were prospective and not retroactive in their operation.

The Court, in discussing that case, said, in respect to Chapter 457 of the Act of 1898, that "This statute was before us in *Harris* v. *Whiteley,* 98 Md. 443, * * * and we then said that the language of the Act would not under the prevailing rules of construction, be held to manifest an intention, on the part of the Legislature to give its provisions such retroactive operation as to disturb or impair existing property rights." The case of *Slingluff* v. *Hubner, supra,* was also referred to, the Court saying that in that case it was held that "the right of the parties were not affected by the Act of 1898, Chapter 457, but must be determined according to the pre-existing law." The Court then said, in respect to Chapter 331 of the Acts of 1898, relating to the distribution of personal estates that "it seems to us that it was the clear intention of the Legislature by this Act, to fix and determine by statute the interest and estate of the surviving husband in the *personal estate* of the wife, dying after January 1st, 1899, without regard to the date of the marriage. * * * The section is not retroactive, it does not apply to any case where a husband had survived his wife prior to the Act." And the Court was careful to say that "there is nothing in the case of *Harris* v. *Whiteley* or *Sling-*

*luff* v. *Hubner, supra,* in conflict with this construction of the Act and those cases have no application here."

The case from which we have just quoted was not decided upon section 7 of Chapter 457 of the Acts of 1898, but upon Chapter 331 of said Acts. It was by such statute, in force at the time of the death of the wife, that the interest of the surviving husband was ascertained and determined in the distribution of the wife's *personal* estate and under it the distribution was made.

In that case the Court was dealing with the distribution of a personal estate and the decision therein is in full accord with the previous decisions of this Court which hold that *distributions of personal estates* are made under the law existing and in force at the death of the party whose estate is being distributed, and it is not at all in conflict with the decisions in the cases of *Harris* v. *Whiteley* and *Slingluff* v. *Hubner,* in which the Court was not dealing with a statute relating to and regulating the distribution of personal estates, but was passing upon the question whether section 7 of Chapter 457 of the Acts of 1898 defining the interest of a husband in the *real estate* of his wife was, in such cases, retroactive in its operation.

It follows from what we have said that the order appealed from will be reversed.

> *Order reversed and bill dismissed with costs to the appellants.*