STATE OF MARYLAND AND HOWARD W. JACK-
SON, REGISTER OF WILLS OF BALTIMORE CITY,
AGENT OF THE STATE OF MARYLAND,

*vs.*

SAFE DEPOSIT AND TRUST COMPANY OF BALTI-
MORE, TRUSTEE, ET AL.

*Statutes: construction; not retroactive if possible. Collateral
inheritance taxes: remaindermen; possession postponed.*

The words of a statute ought not to have a retroactive opera-
tion unless they are so clear, strong and imperative that no
other meaning can be attached to them, or unless the intention
of the Legislature can not otherwise be satisfied.          p. 253

While a change in the law with regard to the mode of pro-
cedure for the ascertainment of the value of an estate, or for
the collection of a tax, may be valid and applicable so as to
affect the devisees, although passed after the death of the tes-
tator, yet it is inapplicable to affect the substantive rights of
an interested party; those rights became fixed and certain as
of the time of the death of the testator.          p. 253

The rule is generally equally applicable whether the remain-
der be vested or contingent.          pp. 253-254

Chapter 695 of the Acts of 1908, increasing the collateral in-
heritance tax has no retroactive effect, and should not be ap-
plied to the estate of remaindermen who take under a will exe-
cuted prior to the Act, even though the estate in remainder did
not actually vest and come into possession until after its passage.
                                                        p. 255

*Decided January 29th, 1918.*

Appeal from the Circuit Court of Baltimore City. (DOB-
LER, J.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BURKE, THOMAS, PATTISON, URNER, STOCKBRIDGE and CONSTABLE, JJ.

*Albert C. Ritchie, the Attorney-General,* and *Ogle Marbury, the assistant Attorney-General,* for the appellants.

*Edgar Allan Poe* and *Arthur W. Machen, Jr.,* (with whom were *Willis & Willis, Bartlett, Poe & Claggett* and *Ferdinand C. Dugan* on the brief), for the appellees.

STOCKBRIDGE, J., delivered the opinion of the Court.

While a number of legal propositions were argued at the hearing of this case, and set forth with full particularity upon the briefs which have been filed, the important consideration grows out of the proper construction to be given to two of our own statutes, and the determination of the case ultimately rests upon such consideration, so no reference will be made to the several subsidiary considerations although they, and each of them, have been carefully analyzed.

James Barrera Rivera executed a will on the 28th August, 1902; he died on the 9th November of that year, and his will was proved in the Orphans' Court eight days after his death.

By the terms of the instrument the bulk of his estate was given in trust for the benefit of his wife during her life, and thereafter to some nieces and a nephew. Mrs. Rivera survived him, and died on the 30th January, 1916, and upon her death the nephew and nieces became entitled to the possession of the property.

At the time when Mr. Rivera made his will, and at the time of his death, there was imposed by statute a collateral inheritance tax of 2½%, which tax by the Act of 1908, Chapter 695, was increased to 5%, and the question now presented is whether the estate of Mr. Rivera, which under the terms of his will passed on the death of his wife to collateral remaindermen, is properly to be taxed at the rate of 2½% of 5%.

The question was raised by the state by objections to an auditor's account. The exceptions were overruled by the Circuit Court of Baltimore City, and from such ruling the State took this appeal. The issue is, therefore, did the rate of taxation upon the interest of the remaindermen become fixed at the time of the death of Mr. Rivera, or was it open to be determined by the date of the death of the life tenant, Mrs. Rivera, at such rate as might be in force when that event occurred?

The rule of construction applicable in such cases was laid down in *U. S.* v. *Heth,* 3 Cranch, 413, as follows: "Words in a statute ought not to have a retroactive operation, unless they are so clear, strong and imperative that no other meaning can be annexed to them, or unless the intention of the Legislature can not otherwise be satisfied." And in *Chew Heong* v. *U. S.,* 112 U. S. 559, MR. JUSTICE HARLAN, after quoting the foregoing language, said: "Such is the settled doctrine of this country."

The same rule has been followed and applied in numerous cases, both Federal and State, a portion of which is set out in 10 *Rose's Notes,* p. 926, and see also *Merchants Bank of Danville* v. *Ballou,* 44 L. R. A. 306, and *Jeavons* v. *Pittman,* 126 Md. 650.

There have been many decisions as to the applicability of succession and collateral inheritance taxing statutes, enacted between the time of the death of a testator and the passing into possession of remainder interests created by the will, and it has been practically uniformly held that while a change of the statute with regard to the mode of procedure for the ascertainment of the value of the estate, or for the collection of a tax, was valid and applicable, that it was inapplicable to affect the substantive rights of an interested party; those became fixed and certain as of the time of the death of the testator. In so far as such statutes operate to affect the rights of the parties they are to be given a prospective interpretation only. The rule is generally equally applicable

whether the remainder be a vested or contingent one. *Lacey v. State Treasurer,* 132 N. W. 843; *Commonwealth v. Wellford,* 76 S. E. 917; *Hunt v. Wicht,* 162 Pac. 639; *Carter v. Whitcomb,* 74 N. H. 482; *Howe v. Howe,* 179 Mass. 546; *Lambard in re Collr. Inh. Tax,* 88 Me. 587; *State v. Probate Court,* 102 Minn. 268; *Kansas v. U. S. Tr. Co.,* L. R. A. 1917, C. 975; *Winn v. Schenck,* 110 S. W. 827; *People v. Carpenter,* 106 N. E. 302.

In New York the question has been frequently passed on— *In re Davis' Estate,* 44 N. E. 185; *In re Pell's Estate,* 171 N. Y. 48; *Seaman's Estate,* 147 N. Y. 69; *In re Langdon's Est.,* 46 N. E. 1034; *In re Harbeck's Will,* 55 N. E. 850— where the opinion was an exceptionally able one written by former CHIEF JUSTICE PARKER. See also elaborate note upon this subject to the case of the *Commonwealth v. Wellford,* 44 L. R. A. N. S. 419; *Pullen v. Wake County,* 66 N. C. 361.

The rule laid down in these cases is fully recognized by the makers of text-books and encyclopædias. See 27 *Am. & Eng. Enc. of Law,* pp. 341-2; 37 *Cyc.* 1557.

The Legislature of 1904, by Chapter 222, repealed and re-enacted with some unimportant amendments, so far as this case is concerned, Sections 113, 114 and 116 of the laws relating to collateral inheritance tax, which sections dealt particularly with the collateral tax upon the interests of remaindermen, and by this Act provided that it should be retroactive in operation. The contention of the State now amounts to an attempt to read into the Act of 1908 (Chapter 695) that it likewise shall be retroactive in its effect. There is, however, no express language in the Act of 1908 which will bear out this contention. On the contrary, the phraseology of the Act of 1908, Section 120 of Article 81 of the Code, uses the language that all estates, etc., *shall be subject to a tax.*"

This language has been uniformly construed to give to an Act a prospective effect only, and in the Maine case pre-

viously cited the entire decision was made practically to turn on the use of the expression *"shall be."*

The main reliance of the *Attorney-General* is based upon the case of *Fisher* v. *The State,* 106 Md. 104. A casual reading of that case may seem to give a basis for the argument, but when closely examined it will be found that the question there presented was very different from that here involved.

The real question in the *Fisher Case* was the valuation of the property, and as of what time that valuation was to be made. It, therefore, involved a question of procedure rather than a question of right; the legatee had the power under a section of the Code, as it then stood, by the payment of the tax within a specified time, to have its value computed as of the death of the testator, but if not paid within such time, then the value was to be computed as of the time of vesting in possession of the remainder estate, and the argument falls directly within the language which was used by the Court in *In re Davis' Estate,* 44 N. E. 185, when the Court said: "Whatever confusion exists in the authorities on the subject seems to be due to a failure to properly distinguish between the time when the title passed in a given case and the time when the legatee became entitled to the possession under the will."

This Court is, therefore, clearly of the opinion that the title of the remaindermen accrued upon the death of Mr. Rivera, though the possession of the property was to be deferred during the lifetime of his wife, and such being the case, under the authorities already referred to, the tax was properly to be computed at the rate of 2½%, the rate in force at the time of Mr. Rivera's death, and not at 5%, as enacted by the Act of 1908, and the order of the Circuit Court of Baltimore City appealed from will be affirmed.

*Order affirmed, with costs.*