JOHN GOLDSTON, Jr., Infant, Etc. *v.* JAMES P.
KARUKAS, et al.

JOHN GOLDSTON, Sr., Etc. *v.* SAME

[Nos. 85 and 86, October Term, 1941.]

*Decided January 13, 1942.*

The cause was argued before BOND, C. J., SLOAN, JOHNSON, DELAPLAINE, COLLINS, FORSYTHE, and MARBURY, JJ.

*Paul Berman* and *Eugene A. Alexander III* for the appellant in each case.

*Walter V. Harrison* for the appellee in both cases.

JOHNSON, J., delivered the opinion of the Court.

On August 30, 1940, John Goldston, Jr., an infant, was struck and run into by an automobile truck owned by James P. Karukas, trading as Oriole Baking Company, to recover damages for which a suit was instituted in his name by his father and next friend.

The father likewise instituted suit against the same defendant for expenses incident to hospitalization of his son.

Both suits were filed in the Superior Court of Baltimore City, and the cases came on for trial without the aid of a jury. The trial court heard the evidence, and in the former case gave a verdict of $150, while in the suit of the father the verdict was $50. From these verdicts below, the present appeals are prosecuted by the plaintiffs.

This record comes to us without any bill of exceptions whatsoever, and without any proper authentication of the record, it being appellants' claim and con-

tention that on this state of the record he is by virtue of Rule 9(c) of the General Rules of Practice and Procedure, effective September 1, 1941, entitled to have the judgments reviewed. The rule which he asserts is as follows: "(c) Appeal. When a proceeding has been so tried by the court, an appeal from the judgment, if allowed by law, may be taken according to the practice in equity. Upon appeal the Court of Appeals may review upon both the law and the evidence, but the judgment of the trial court shall not be set aside on the evidence, unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses. The Court of Appeals may affirm, reverse, modify, or remand, as in appeals from equity."

Thus the issue is raised as to whether the rules effective September 1, 1941, govern and control cases decided before their effective date, as in these cases, the record shows the suits were tried June 16, 1941.

Rule 9(a) provides that when such a proceeding is tried upon the facts by the court that the latter shall, after the trial, direct such judgment to be entered as it thinks right upon the evidence and the law, and shall dictate to the court stenographer, or prepare and file, a brief statement of the grounds for its decision, and the method of determining any damages awarded. Of course, in the present cases this was not done, inasmuch as the rules were not effective, and to justify us in reviewing the cases we would have to hold that even though the rules were not followed and could not be followed, because not effective, the appeals would still lie. In other words, while the trial court acted under the law as then in force with reference to the trial of cases, we would have to hold that the new rules which later come into effect bound the trial court retroactively.

Another reason is suggested for dismissing the appeal in No. 85. The suit is an action *ex delicto*, and something more than a claim for damages laid in the narr in excess

of the amount actually awarded by the jury is necessary to the plaintiffs' right of appeal. There must, in addition to a verdict less than the damages laid in the declaration, be error which is in proximate causative relation to the damages recoverable.

Since the rules under discussion have the force of law, there is no reason why they are not controlled by the same principles applicable to legislative enactments. The rule that all laws have a prospective effect unless the language employed indicates a contrary intention on the part of the legislature is here applicable, as retroactive statutes are not favored even when they do not conflict with vested or other rights guaranteed by the Constitution. And where a statute is susceptible of a prospective construction it is the policy of the courts to declare it to be such rather than retroactive, especially if by the latter manifest injury may be done. Nothing appears in the rule from which it could be concluded that it is intended to have a retroactive effect. To hold otherwise would be equivalent to altering the pre-existing condition of the parties and would interfere with their antecedent rights. *Savings Bank v. Weeks,* 110 Md. 78, 72 A. 475, 22 *L. R. A., N. S.* 221; *Hemsley v. Hollingsworth,* 119 Md. 431, 87 A. 506; *Vandiver v. Fidelity Savings Bank,* 120 Md. 619, 87 A. 1086; *Ellicott City Com'rs v. Howard County,* 127 Md. 578, 96 A. 798; *Jeavons v. Pittman,* 126 Md. 650, 95 A. 1070; *State v. Safe Deposit & Trust Co.,* 132 Md. 251, 103 A. 435; *Bartlett v. Ligon,* 135 Md. 620, 109 A. 473; *Ireland v. Shipley,* 165 Md. 90, 166 A. 593; *Dashiell v. Holland Maide Candy Shops,* 171 Md. 72, 188 A. 29.

There being then no bill of exceptions in either case and no proper certification of the record, there is nothing for the Appellate Court to review, and the appeals must be dismissed.

*Appeal in No. 85 dismissed, with costs.*

*Appeal in No. 86 dismissed, with costs.*