20 A.3d 834

**Gary L. HEIT**

v.

**Kathryn STANSBURY.**

**No. 354, Sept. Term, 2010.**

Court of Special Appeals of Maryland.

May 27, 2011.

---

4. The parties stipulated that appellant was a person prohibited from possessing a firearm.

EYLER, DEBORAH S., ZARNOCH and TONI E. CLARKE (Specially Assigned), JJ.

## ON MOTION TO STRIKE APPELLANT'S REPLY BRIEF

EYLER, DEBORAH S., J.

An appeal is pending before this Court from judgments entered in a divorce action in the Circuit Court for Montgom-

ery County between Gary Heit, the appellant, and Kathryn Stansbury, the appellee. On October 6, 2010, Heit filed his brief. On November 5, 2010, Stansbury filed her brief. The appeal then was docketed for argument to take place in May of 2011, and indeed oral argument eventually was scheduled for (and took place on) May 4, 2011.

On April 21, 2011, more than 10 days before the scheduled argument date but 5½ months after Stansbury filed her brief, Heit filed a reply brief. Stansbury then filed a motion to strike the reply brief, on the ground that it was not timely filed under Rule 8–502(a)(3). That Rule states:

> (a) **Duty to file; time.** Unless otherwise ordered by the appellate court:
>
> * * * * * *
>
> (3) Appellant's reply brief. The appellant may file a reply brief within 20 days after the filing of the appellee's brief, but in any event not later than ten days before the date of scheduled argument.

Stansbury argues that, under this Rule, Heit had 20 days after November 5, 2010, to file a reply brief; and, because that day fell on a court holiday, his filing deadline actually was November 29, 2010, which was the next court business day. *See* Md. Rule 1–203(a)(1).

Heit filed an opposition to the motion to strike, asserting that his reply brief was timely filed. He argues that Rule 8–502(a)(3) permits him to file a reply brief at anytime, so long as it is not within ten days of the scheduled oral argument. He asserts that, because April 21, 2011, was more than 10 days before May 4, 2011, the reply brief was timely filed.

We conclude that Stansbury's reading of Rule 8–502(a)(3) is correct.

 We interpret the Maryland Rules using the same principles that apply to the interpretation of statutes. *Barbre v. Pope,* 402 Md. 157, 172, 935 A.2d 699 (2007); *Goldston v. Karukas,* 180 Md. 232, 235, 23 A.2d 691 (1942). As with statutory construction, our objective is to effectuate the inten-

tion of the drafters, and to do so we start with the words of the rule and from the premise that the words carry their ordinary and usual meanings. *Barbre,* 402 Md. at 172–73, 935 A.2d 699.

■ Heit's reading of the Rule in question focuses upon its use of the word "may," which connotes a discretionary act, *i.e.,* one that is not required, in contrast to the word "shall," which in many contexts is mandatory, that is, connoting a required act. He points out that in subsection (a)(1) the Rule states that the brief of an appellant (other than a cross-appellant) "shall" be filed "[w]ithin 40 days after the filing of the record" but that in subsection (a)(3) the Rule states only that an appellant's reply brief "may" be filed "within 20 days after the filing of the appellee's brief," as long as it is not filed later than ten days before scheduled argument.[1] He reasons that, because the appellant's initial brief "shall" be filed within 40 days, etc., but the appellant's reply brief "may" be filed within 20 days, etc., it is only logical that an appellant is not *required* to file his reply brief within that 20–day period. Rather, he has until ten days before oral argument to do so.

The flaw in this argument is that it disregards that the words "shall" and "may" in those subsections of the Rule are used not only to designate the time for filing briefs but also to establish the obligation, if any, to file a brief. An appellant in a case before this Court must file a brief; and the time for doing so (absent an extension as permitted by section (b) of the Rule) is 40 days after the record of the circuit court has

---

1. In some contexts, particularly when the word "shall" is found in a constitutional provision or enactment appearing to impose a duty on a court, it is viewed as directory, not mandatory. *In re Abiagail C.,* 138 Md.App. 570, 581, 772 A.2d 1277 (2001). *See, e.g., Md. State Bar Ass'n v. Hirsch,* 274 Md. 368, 373–74, 335 A.2d 108 (1975) (holding that Article IV, Section 23 of the Maryland Constitution, stating that circuit courts "shall render" their decisions within two months of argument or submission, is directory, not mandatory, and that a litigant's due process rights were not violated when an opinion was not filed within the prescribed period of time). That is not the situation here; the word "shall" in subsections (a)(1) and (2) of Rule 8–502 is used in its mandatory sense.

been filed. Thus, subsection (a)(1) states that the appellant "shall" file a brief "within [the 40–day period]." Pursuant to section (d) of the Rule, entitled "Default," an appellant's failure to timely file a brief may result in his appeal being dismissed. *See also* Md. Rule 8–602(a)(7) (stating that an appellant's failure to file a brief "within the time prescribed by Rule 8–502" is grounds for dismissal of his appeal).

Likewise, "shall" is used in the subsection of Rule 8–502 governing the appellee's brief, as the filing of an appellee's brief also is required. Pursuant to Rule 8–502(a)(2), "[w]ithin 30 days after the filing of the appellant's brief, the appellee *shall* file a brief. . . ." (Emphasis added.) For obvious reasons, the consequence of the appellee's not filing a brief, or a timely brief, is not dismissal of the appeal. There *is* a consequence for a failure to file, or for not timely filing, however. Under section (d) of the Rule, "[a]n appellee who fails to file a brief within the time prescribed by this Rule may not present argument except with permission of the Court."

In contrast to the duties that are imposed for filing the appellant's brief and the appellee's brief, there is no duty for an appellant to file a reply brief. Doing so is entirely a matter of choice; hence, the use of the word "may" in subsection (a)(3) of Rule 8–502. If the word "shall" were used instead of "may" in that subsection, the subsection would impose an obligation upon an appellant to file a reply brief. It is for that reason that subsection (a)(3) uses the word "may" when the two subsections preceding it use the word "shall."

We construe the meaning of the language of a statute or rule in context, and not in isolation. *Schreyer v. Chaplain,* 416 Md. 94, 101, 5 A.3d 1054 (2010). Thus, a reasonable interpretation of Rule 8–502(a)(3) must take into account that an appellant's and an appellee's briefs are required ("shall file") and a reply brief is not ("may file"). Read in that context, the phrase, "[t]he appellant may file a reply brief within 20 days after the filing of the appellee's brief," is not a mere suggestion that any reply brief that is filed be filed within 20 days after the appellee's brief is filed. Indeed, the

"20 days" phrase in that subsection is meaningless under Heit's reading of the Rule. Rather, the "20 days" language directs the appellant that, if he is going to file a reply brief at all, the deadline for doing so is 20 days after the date on which the appellee's brief is filed. And, anticipating that there may be cases in which the appellee's brief properly is filed not long before the scheduled argument, it further directs, in the "but in any event not later than ten days before the date of scheduled argument" phrase that follows, that the appellant will not have the benefit of the full 20–day time period if that time period encroaches upon ten days of the scheduled argument date.

In this case, for example, if the brief filing times all had been shifted by stipulation or order, and Stansbury's brief had been filed timely on April 12, 2011, Heit would not have had until within 20 days from that date (May 2, 2011) to file a reply brief (if he had chosen to file one), because that 20–day deadline would have fallen within ten days of the scheduled May 4, 2011 oral argument. Instead, any reply brief would have been due no later than April 24,2011.

Heit asserts that Stansbury's (and our) reading of Rule 8–502(a)(3) rewrites the subsection as follows: "The appellant may file a reply brief within *the earlier* of 20 days after the filing of the appellee's brief or ten days before the date of schedule[d] argument." Opposition to Motion to Strike Reply Brief, at 2 (emphasis in original). He also asserts that Rule 8–502(a)(3) as actually written is "consistent with its federal counterpart, Fed. R.App. P. 31(a)." *Id.* That federal rule states:

(a) Time to Serve and File a Brief.

(1) The appellant must serve and file a brief within 40 days after the record is filed. The appellee must serve and file a brief within 30 days after the appellant's brief is served. The appellant may serve and file a reply brief within 14 days after service of the appellee's brief but a reply brief must be filed at least 7 days before argument, unless the court, for good cause, allows a later filing.

Taking the second assertion first, Heit is correct in that subsections (a)(1) through (3) of Rule 8–502 indeed are consistent with Fed. R.App. P. Rule 31(a). His point is not well made, however, because that rule has been interpreted to have the same meaning we read our parallel rule to have. In *Meza v. Washington State Department of Social and Health Services,* 683 F.2d 314 (9th Cir.1982), decided at a time when the "7 days before argument" period in Rule 31(a) only was 3 days, the court observed:

A few days before oral argument, the judges of the panel received unfiled copies of the state's reply brief [which then was filed]. Fed. R.App. P. 31(a) provides for filing of a reply brief within 14 days of the filing of the appellee's brief. The state's last brief was nearly 80 days late.

When questioned at oral argument about the delay in filing the brief, the state's attorney argued that the rule allowed filing up to 3 days before argument. It does not so provide,[2] and we do not countenance the disregard of court rules, whether governing conduct and procedure in the trial court or this court.

[2] Rule 31(a) permits the filing of a reply brief within 14 days. Even if timely, a reply brief may not be filed within 3 days of argument except upon a showing of good cause. These provisions are unambiguous.

*Id.* at 316 (footnote 1 omitted).

With regard to Heit's second assertion, it is well established that our function in construing statutes and rules is not to rewrite them so as to give them meanings not intended by their drafters. *See, e.g., Della Ratta v. Dyas,* 414 Md. 556, 566, 996 A.2d 382 (2010) (cardinal rule of statutory interpretation is to "ascertain and effectuate" meaning intended by drafters). And, to be sure, the relevant sections of Rule 8–502—and subsection (a)(3) in particular—are not models of clarity. Perhaps subsection (a)(3) would be most clearly worded if written as Heit is suggesting we are "rewriting" it. ("The appellant may file a reply brief within *the earlier* of 20 days after the filing of the appellee's brief or ten days before the date of scheduled argument.") There can be more than

one way to say the same thing, however, and subsection (a)(3) says the same thing as the "rewrite," although not as clearly.

What is clear, however, is that we will not read a statute or rule so as to write out language that is not superfluous. *W.M. Schlosser Co. v. Uninsured Employers' Fund,* 414 Md. 195, 204 (2010). Heit's suggested interpretation of Rule 8–502(a)(3) would violate this long-standing principle of statutory construction by writing out the phrases "within 20 days after the filing of the appellee's brief and 'in any event.' " The plain meaning of the phrases Heit would have us write out of the subsection establish the deadline for an appellant to file a reply brief, if he chooses to file one, and an alternative deadline that applies when the first deadline is within ten days of the scheduled argument date. If the Court of Appeals had wished to give the subsection the meaning Heit ascribes to it, it would not have included those phrases at all. The subsection would have read, simply: "The appellant may file a reply brief, but not later than ten days before the date of scheduled argument."

Under a proper reading of Rule 8–502(a)(3), the last day for Heit to file a reply brief in this case was November 29, 2010.[2] When he filed a reply brief on April 21, 2011, it was significantly overdue. We therefore shall grant Stansbury's motion to strike.[3]

**MOTION TO STRIKE REPLY BRIEF GRANTED. COSTS TO ABIDE THE RESULT OF THE APPEAL.**

---

**2.** Rule 8–502(a)(6), which concerns the time by which a cross-appellant must file a reply brief, is worded similarly to Rule 8–502(a)(3) and has the same meaning.

**3.** We note that Heit based his opposition to the motion to strike solely on the contention that, under the language of Rule 8–502(a)(3), his reply brief was timely filed. He did not ask this Court to exercise discretion to accept his late-filed reply brief.